April 07, 2022

Hon. Michael A. Shipp
United States District Judge
District of New Jersey
Mitchell H. Cohen Building
4th & Cooper Streets, Room 1050
Camden, NJ 08101

      **RE:**  *United States v. Justin Ubry*, **No. 21-cr-872 (MAS)**
            **Defendant's Motion to Dismiss Based on Rule 12**

Dear Judge Shipp,

    Please accept this letter brief in support of Mr. Ubry's Motion to Dismiss Count 2 of the Indictment. This Court should grant the motion under Rule 12(b)(3)(B)(v) because the indictment failed to state an offense. Contrary to the Government's assertion, neither the Constitution nor the laws of the United States protect a person from having snow kicked in his or her face. And since this is the sole allegation against Mr. Ubry, the Government has failed to state an offense. Accordingly, the Court should dismiss Count 2.

## Facts & Procedural Background

    On or about November 18, 2021, the Government returned a two-count indictment against Mr. Ubry, Michael Delahanty, and Matthew Przemieniecki. At the time of the incident, all three men were police officers with the Ewing Township Police Department and were in the process of arresting an individual ("Victim 1") for the theft of a car and a subsequent eluding.

    In the indictment, the Government alleged the following against Mr. Ubry:

> **COUNT TWO**
> **(Deprivation of Rights Under Color of Law)**
>
> 11.     Paragraphs 1 through 10 of Count One of this Indictment are re-alleged and incorporated as if set forth in full herein.
>
> 12.     On or about January 5, 2018, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,
>
> JUSTIN UBRY,
>
> while acting under color of law, unlawfully kicked snow into the face of Victim 1 during the arrest of Victim 1, thereby willfully depriving Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a law enforcement officer.
>
> In violation of Title 18, United States Code, Section 242.

**Analysis:**

The Government's sole contention against Mr. Ubry is that he violated Victim 1's right to be free from having snow kicked in his face. But the Constitution contains no such protection. The laws of the United States do not prohibit a state actor from kicking snow in another person's face. Thus, the Government has failed to state the protected right that Mr. Ubry violated. Consequently, this Court should dismiss Count 2 of the indictment because a specific and defined violation of the Constitution or the United States is a necessary element in a prosecution under 18 U.S.C. § 242.

Rule 12 provides that "at any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense." FED. R. CRIM. P. 12(b)(3)(B)(v). "In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." *United States v. Hedaithy*, 392 F.3d 580, 589 (3d Cir. 2004)

(quoting *United States v. Zauber*, 857 F.2d 137, 144 (3d Cir. 1988)) (further quotation omitted). "[A] charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Hedaithy*, 392 F.3d at 587 (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)).

Section 242 of the United States Code states that no person may, "under color of any law, statute, ordinance, regulation, or custom, willfully subject[] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[.]" 18 U.S.C. § 242. The statute is a part of the Reconstruction era that also produced the Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution. *United States v. Price*, 383 U.S. 787, 789 (1966).

For the purposes of this motion, Mr. Ubry does not contest that he was acting under the color of law. But two Supreme Court cases compel the conclusion that the Government has failed to allege sufficient facts to prove the remaining elements of the charge.

### 1. *Screws v. United States*, 325 U.S. 91 (1945)

The Supreme Court reviewed a prior version of Section 242 in *Screws v. United States*. As the *Screws* Court noted, even the statute under review was a revision of a yet earlier version. Like Section 242, the law under consideration in *Screws* made it illegal for any person, "under color of any law, . . . [to] willfully subject[], or cause[] to be subjected, any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and laws of the United States[.]" *Id.* at 93. That contrasted with the earliest version of the statute, which did not include the *mens rea* of "willfully". *Id.* at 100. The *Screws* Court held that the legislature's addition of "willfully" was meant "to make the section less severe." *Id.* (quotation omitted).

After noting the importance of the word "willfully" in the statute, the *Screws* Court then attempted to better define the statute's *mens rea* element. The Court held that the statute requires that the accused have "a specific intent to deprive a person of a federal right made definite by decision or other rule of law[.]" *Id.* at 103. To hold otherwise, the Court reasoned, would render the statute "unconstitutional[] on the

3

grounds of vagueness." *Id.* The Court reiterated that "the specific intent required by the [statute] is an intent to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them." *Id.* at 104. Under that standard, [w]hen [a defendant is] convicted for so acting, [he is] not punished for violating an unknowable something." *Id.* at 105.

*Screws* remains the standard even though it was decided before the passage of Section 242. *See United States v. Johnstone*, 107 F.3d 200, 207-09 (3d Cir. 1997) (detailing the applicability of *Screws* on modern Section 242 prosecutions); *United States v. Dise*, 763 F.2d 586, 591-92 (3d Cir. 1985) (same).

*Screws* involved "a shocking and revolting episode in law enforcement" in which a sheriff and two deputies arrested a man in the middle of the night and beat him to death as they dragged him into the courthouse. *Screws*, 325 U.S. at 92-93. The prosecution was premised on the defendants' violating the victim's due process rights, thus triggering the criminal civil rights statute. *Id.* at 93. Though the *mens rea* standard established in *Screws* withstood the test of time, the due process analysis did not.

    **2.**    ***Graham v. Conor*, 490 U.S. 386 (1989)**

In *Graham v. Conor*, the Supreme Court determined "what constitutional standard governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person." *Id.* at 388. The petitioner sued several police officers under 42 U.S.C. § 1983 after they stopped him while he was suffering from an adverse effect of diabetes. *Id.* at 389. Somehow, the medical emergency morphed into an arrest in which the petitioner sustained a broken foot and other injuries. *Id.* at 390. The trial court granted the defendants' motions for a directed verdict. *Id.*

At the outset, the *Graham* Court rejected the "notion that all excessive force claims brought under § 1983 are governed by a single generic standard." *Id.* at 393. Instead, the Court held that "excessive force claim[s] aris[ing] in the context of an arrest or investigatory stop of a free citizen, [are] most properly characterized as one invoking the protections of the Fourth Amendment[.]" *Id.* at 394. And "[d]etermining whether the force used to effect a particular seizure is 'reasonable' under

4

the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)) (additional quotations omitted). The test to be administered is an objective test, "judged from the perspective of a reasonable officer on the scene." *Id.* The Court cautioned: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* (internal citation and quotation omitted).

Though *Graham* was a civil case, its "reasonable officer" standard is the settled law in Section 242 prosecutions. *See Johnstone*, 107 F.3d at 204 (applying *Graham* prosecution under Section 242); *United States v. Schatzle*, 901 F.2d 252, 254 (2d Cir. 1990); *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990) (same); *United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004) (same); *United States v. Carson*, 560 F.3d 566, 579 (6th Cir. 2009) (same); *United States v. Brown*, 250 F.3d 580, 586 (7th Cir 2001) (same); *United States v. Reese*, 2 F.3d 870, 883-85 (9th Cir. 1993) (same); *United States v. Brown*, 934 F.3d 1278, 1294-95 (11th Cir. 2019) (same).

Based on *Screws* and *Graham*, to sustain a prosecution under Section 242, the Government must allege that the defendant violated another person's specifically enumerated civil right in an objectively unreasonable manner while acting under color of law. And in *Johnstone*, the Third Circuit held accordingly. The Court ruled that "to convict a defendant under § 242, the government must show that the defendant had the **particular purpose of violating a protected right made definite by rule of law** or recklessly disregarded the risk that he would violate such a right." 107 F.3d at 210 (emphasis added).

Instantly, the Government alleges that Mr. Ubry used "unlawful force" when he "kicked snow into the face of Victim 1[.]" No definite rule of law posits that a citizen shall be free from having snow kicked in his or her face. And it is common for litigants to ask courts to determine what is a "clearly established" law under the Constitution or the laws of the United States. It is the issue in every civil rights action brought under 42 U.S.C. § 1983. *See, e.g., James v. N.J. State Police*, 957 F.3d 165, 169 (3d Cir. 2020) (detailing analysis of "clearly established statutory or constitutional right" in Section 1983 action). Indeed, even in the context of a civil suit under Section 1983, a plaintiff must "show more than a *de minimis* injury" to sustain his action. *Kopec v. Tate*, 361 F.3d

772, 778 n.7 (3d Cir. 2004). It stands to reason that the standard cannot be lower in a criminal case. Rather, the threshold in a criminal case should be greater, wherein the defendant's liberty – and not just his pocketbook – is at stake. No portion of Section 272, its legislative history, or any relevant decisional law exists to hold state actors accountable for *de minimis* actions that neither contemplate bodily injury nor cause any bodily injury.

Even with the voluminous caselaw under Section 1983 and elsewhere that painstakingly analyzes every untoward action made under the color of law, no law, statute, rule, or regulation protects one from having snow kicked in his or her face. And since it is not a protected right, the conduct cannot form the basis of a Section 242 criminal prosecution. Therefore, the Court must dismiss Count 2 of Mr. Ubry's Indictment.

## Conclusion

Mr. Ubry respectfully requests this Honorable Court to dismiss the case against him because the Government has not alleged a violation of Section 242 in Count 2 of the indictment.

The Bahuriak Law Group

By: *s/ David S. Bahuriak, Jr.*
518 S 3rd St.
Philadelphia, PA 19147
info@bahuriak.com
Phone: 215-413-1150
Fax: 215-413-2288


Law Offices of Robin Kay Lord, LLC

By: *s/ Robin Kay Lord, Esq.*
210 South Broad Street, Suite B
Trenton, NJ 08608
robin@robinlordlaw.com
Phone: 609-393-4499
Fax: 609-393-0411